IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARRYLN M. JOHNSON,

    Plaintiff,

    v.                                      CASE NO. 20-3191-SAC

TIM PHELPS, et al.,

    Defendants.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Darryln M. Johnson is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein. Plaintiff is also given an opportunity to file a proper second amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 5.) Plaintiff, a pretrial detainee, is confined at the Shawnee County Adult Detention Center in Topeka, Kansas ("SCADC"). On November 12, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff an opportunity to show cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 8). Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 9). The Court's screening standards are set forth in the MOSC.

Plaintiff alleged in his original Complaint that from April 18, 2017 until June 8, 2020, he was on suicide watch and was not allowed to go to the gymnasium and the outside module court. (Doc. 1, at 2.) Plaintiff alleges that other inmates on suicide watch were likewise denied gymnasium and outdoor recreation court use, and the denial was against the detention center's policies. Plaintiff alleges that he filed a grievance on June 3, 2020, and on June 8, 2020, the grievance officer ruled in Plaintiff's favor, giving him full permission to utilize the outdoor courtyard and gymnasium. *Id*. at 2, 6. Plaintiff alleges that the lack of exercise caused his health to deteriorate, he has had to have surgery, and he has had an abnormal EKG. *Id*. at 5.

Plaintiff alleges the same facts in his Amended Complaint, but also adds a claim that his surgery was delayed. Plaintiff alleges that around January 15, 2019, Specialist Dr. Alfedo Iloretta told medical staff that Plaintiff needed surgery. On March 8, 2019, Plaintiff filed a grievance requesting the surgery. On April 8, 2019, Maj. Tim Phelps answered the grievance stating that Plaintiff's next appointment would be a follow-up. At the follow-up appointment Dr. Iloretta said Plaintiff's testicle was the size of a baseball and was in worse condition. The next eight weeks Plaintiff was in pain and had to use a wheelchair at times. On the tenth week after the follow-up appointment Plaintiff received surgery and took twelve days to recover. Plaintiff alleges that Sherri Bauer, Health Service Administrator, and Maj. Tim Phelps were very cruel during the process because they knew of the harm and disregarded it.

Plaintiff names as Defendants: Tim Phelps, SCADC Major; Angela McHardie, SCADC Deputy Director/Program Supervisor/Major; Katrina Parker, SCADC Captain; and Joe Rucker, SCADC Captain/Division Manager. Plaintiff seeks monetary damages.

## II. DISCUSSION

The Court held in the MOSC that Plaintiff's allegations that he was prohibited from using

the gymnasium or the outside recreation court while on suicide watch did not show an intent to punish on the part of staff at the SCADC.  Plaintiff has not alleged that his restrictions while on suicide watch were done for any reason other than maintaining the detainees' health and security.  Plaintiff has not shown that staff knew of and disregarded an excessive risk to his health and safety.  Plaintiff has not alleged that he sought relief from staff prior to initiating his grievance.  When Plaintiff filed a grievance regarding the matter, he was granted relief within five days.  Plaintiff's claim is subject to dismissal.

Plaintiff's Amended Complaint adds a claim based on his medical care.  Plaintiff alleges that his surgery was delayed.  "[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component."  *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same standard for Eighth Amendment claims applies).  To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension."  *Id*. at 989–90 (citations omitted).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id*. at 990 (citation omitted).  The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."  *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay.  *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted).  "The substantial harm

requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff must also satisfy the subjective prong. The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added). Plaintiff claims that Maj. Tim Phelps answered his grievance and his follow-up was scheduled within one month. Plaintiff does not allege how Maj. Phelps was involved with the remainder of his medical treatment or the scheduling of his surgery. Plaintiff also fails to allege what actions were taken by Sherri Bauer, Health Service Administrator, and Plaintiff fails to name her as a defendant. Plaintiff's bald allegation that Bauer and Phelps were very cruel during the process because they knew of the harm and disregarded it, fails to allege any facts in support of the conclusion. Plaintiff has failed to show that the officials were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference. Plaintiff must show good cause why this claim should not be dismissed or file an amended complaint to cure the deficiencies.

### III. Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 9), stating that: he is unable to afford counsel; his imprisonment will greatly limit his ability to litigate; the issues involved are complex and will require significant research and investigation; Plaintiff has limited access to the law library and limited knowledge of the law; a trial would likely involve

conflicting testimony; and counsel would better enable Plaintiff to present evidence and cross examine witnesses.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's complaint survives screening.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete

and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]  Plaintiff is given time to file a complete and proper second amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 9) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 19, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **March 19, 2021**, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (20-3191-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated February 19, 2021, in Topeka, Kansas.**

                                              **s/ Sam A. Crow**
                                              **Sam A. Crow**
                                              **U.S. Senior District Judge**