IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DARRYLN M. JOHNSON,**

    **Plaintiff,**

    v.                                        CASE NO. 20-3191-SAC

**TIM PHELPS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 5.) At the time of filing, Plaintiff was a pretrial detainee confined at the Shawnee County Adult Detention Center in Topeka, Kansas ("SCADC"). Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas.

**I. Nature of the Matter before the Court**

On November 12, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff an opportunity to show cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint, and the Court entered a second Memorandum and Order and Order to Show Cause (Doc. 10) ("MOSC II"), granting Plaintiff an opportunity to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC II, or to file a second amended complaint. This matter is before the Court for screening Plaintiff's Second Amended Complaint (Doc. 11) ("SAC"). The Court's screening standards are set forth in detail in the MOSC.

Plaintiff alleged in his original Complaint that from April 18, 2017 until June 8, 2020, he was on suicide watch and was not allowed to go to the gymnasium and the outside module court. (Doc. 1, at 2.) Plaintiff alleged that other inmates on suicide watch were likewise denied gymnasium and outdoor recreation court use, and the denial was against the detention center's policies. Plaintiff alleged that he filed a grievance on June 3, 2020, and on June 8, 2020, the grievance officer ruled in Plaintiff's favor, giving him full permission to utilize the outdoor courtyard and gymnasium. *Id*. at 2, 6. Plaintiff alleged that the lack of exercise caused his health to deteriorate, he has had to have surgery, and he has had an abnormal EKG. *Id*. at 5.

Plaintiff alleged the same facts in his Amended Complaint, but also added a claim that his surgery was delayed. Plaintiff alleged that around January 15, 2019, Specialist Dr. Alfedo Iloretta told medical staff that Plaintiff needed surgery. On March 8, 2019, Plaintiff filed a grievance requesting the surgery. On April 8, 2019, Maj. Tim Phelps answered the grievance stating that Plaintiff's next appointment would be a follow-up. At the follow-up appointment Dr. Iloretta said Plaintiff's testicle was the size of a baseball and was in worse condition. The next eight weeks Plaintiff was in pain and had to use a wheelchair at times. On the tenth week after the follow-up appointment Plaintiff received surgery and took twelve days to recover. Plaintiff alleged that Sherri Bauer, Health Service Administrator, and Maj. Tim Phelps were very cruel during the process because they knew of the harm and disregarded it.

Plaintiff alleges in his SAC that he was denied recreational exercise to force him off of suicide watch status.[1] Plaintiff claims that in response to his request regarding his health, Major McHardie responded stating that Plaintiff should talk to Behavioral Health if he no longer needed suicide watch status. The response also states that the gym was closed due to Covid-19

---

[1] Plaintiff has submitted affidavits from other inmates stating that Plaintiff was not allowed to use the gym or outside court. *See* Doc. 13.

precautions. (Doc. 11–1, at 1.) Plaintiff alleges that he lodged "in-house" complaints to the Behavioral Health Director Jeff Brewer at least five times. In response to Plaintiff's formal grievance, the grievance officer ruled in Plaintiff's favor and approved his use of the gymnasium and the outdoor court with an escort.

Plaintiff again alleges in his SAC that his surgery for his enlarged testicle was delayed. Plaintiff alleges that he was diagnosed as needing surgery in January 2019, and over the next five and a half months he made twenty-four trips to the medical department for pain management. Instead of scheduling the surgery, Health Service Administrator Sherri Bauer scheduled Plaintiff for a follow-up with the doctor. Plaintiff claims that eight weeks later his surgery was scheduled, but it was rescheduled twice because Plaintiff's blood was too thin when he was assessed the day of the scheduled surgery. Plaintiff claims that the medical staff failed to discontinue his blood thinners five days prior to the surgery. Plaintiff finally received his surgery in June 2019.

Plaintiff names as Defendants: Tim Phelps, SCADC Major; Angela McHardie, SCADC Major/Deputy Director and supervisor of adult programs; and Sherri Bauer, Health Services Director/Administrator. Plaintiff seeks monetary damages.

## II. DISCUSSION

The Court held in the MOSC that Plaintiff's allegations that he was prohibited from using the gymnasium or the outside recreation court while on suicide watch did not show an intent to punish on the part of staff at the SCADC. Plaintiff has not alleged that his restrictions while on suicide watch were done for any reason other than maintaining the detainees' health and security. Plaintiff has not shown that staff knew of and disregarded an excessive risk to his health and safety. When Plaintiff filed a grievance regarding the matter, he was granted relief within five days.

Plaintiff's Amended Complaint adds a claim based on his medical care.  The Court found in the MOSC II that Plaintiff's bald allegation that Bauer and Phelps were very cruel during the process because they knew of the harm and disregarded it, failed to allege any facts in support of the conclusion.  The Court found that Plaintiff failed to show that the officials were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.

Plaintiff's SAC fails to cure the deficiencies set forth in the MOSC and MOSC II. Plaintiff has failed to show that Defendants denied him use of the gymnasium or outdoor court for any reason other than safety concerns due to Plaintiff's suicide watch status.  Plaintiff was granted use of these facilities with the aid of an escort shortly after he filed a formal grievance regarding the issue.  The delay in receiving surgery due to staff's failure to discontinue blood thinners fails to show deliberate indifference.  Plaintiff's claims suggest, at most, negligence and are insufficient to state a claim under § 1983.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 14, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**